IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| USA Satellite & Cable, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 10262 |
| | ) | |
| Extended Care Consulting, LLC, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| v. | ) | |
| | ) | |
| Casco Bay Holdings, LLC, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff USA Satellite & Cable, Inc. ("USA Satellite") filed a complaint against a group

of nursing home facilities (collectively,"the Extended Care Defendants") in the Circuit Court of

Cook County, Illinois seeking to recover money owed for the provision of satellite television

services. On December 22, 2014, third-party defendant Casco Bay Holdings, LLC ("Casco Bay")

filed a notice of removal (Dkt. No. 1) asserting that this court has jurisdiction pursuant to 28

U.S.C. §§ 1332, 1335, 1441(a) and 1446. On January 26, 2015, USA Satellite filed a motion to

remand and for attorneys' fees and costs (Dkt. No. 15). For the reasons set forth below, USA

Satellite's motion to remand is granted and its motion for attorneys' fees and costs is denied.

BACKGROUND

As mentioned above, USA Satellite sued the Extended Care Defendants in the Circuit

Court of Cook County seeking to recover money owed for the provision of satellite television

services. On December 3, 2014, the parties agreed to settle the case for the promise of payment

of $33,000 by the Extended Care Defendants to USA Satellite. (Dkt. No. 1, Ex. 1 at 8). The Circuit Court of Cook County subsequently entered an order setting forth the terms of the settlement and reserving for itself jurisdiction to enforce the settlement agreement. *Id.*

On November 8, 2014, attorney W. James Mac Naughton sent the attorneys representing USA Satellite and the Extended Care Defendants a letter asserting that Casco Bay had the right to receive funds directly from the Extended Care Defendants to satisfy the secured obligations of USA Satellite to Casco Bay. (Dkt. No 1, Ex. 1 at 10). The letter referenced a UCC Financing Statement, which Casco Bay provided to the Extended Care Defendants along with supporting documents. *Id.* The purported lien interest is based on a settlement agreement between USA Satellite and Russia Media Group, LLC ("RMG"). Casco Bay asserts that RMG has assigned to Casco Bay the right to enforce the settlement against USA Satellite.

In December 2014, the Extended Care Defendants filed an interpleader in their underlying case in the Circuit Court of Cook County pursuant to 735 ILCS 5/2-409 and joined Casco Bay as a third-party defendant. The interpleader requested that the Circuit Court of Cook County "determine the relative merits of the competing claims of USA and Casco to the settlement funds agreed to be paid by the Extended Care Defendants herein and to render judgment accordingly before the Extended Care Defendants are required to pay said settlement funds to the party to whom this Court determines is entitled to same." (Dkt. No. 1, Ex. 1 at 5).

On December 22, 2014, Casco Bay filed a notice of removal, asserting that this court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1335, 1441(a) and 1446. (Dkt. No. 1).[1] On January 26, 2015, USA Satellite filed a motion to remand and for sanctions. (Dkt. No. 15).

LEGAL STANDARD

Removal of actions to federal court is governed by 28 U.S.C. § 1441, which provides that a defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action. *Disher v. Citigroup Global Mkt., Inc.*, 419 F.3d 649, 653 (7th Cir. 2005). The party seeking to remove an action and invoking federal jurisdiction "bears the burden of demonstrating that removal is proper." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529–32 (7th Cir. 2004). The Seventh Circuit has cautioned that "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum" and that "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). An order remanding a case to state court for lack of subject-matter jurisdiction "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

---

[1] On January 14, 2015, the Extended Care Defendants filed a "Motion for Interpleader" in the instant removed case. (Dkt. No. 10). In their motion, the Extended Care Defendants reaffirm that they are mere stakeholders of the funds and that they take no position on the dispute between USA Satellite and Casco Bay. The Extended Care Defendants assert that 28 U.S.C § 1335 provides this court jurisdiction because there is minimal diversity between the claimants, USA Satellite and Casco Bay, and the amount of the contested funds exceeds $500, as required. However, the court is presently concerned with whether Casco Bay has properly invoked federal jurisdiction. Therefore, the court need not consider whether §1335 would provide the court with original subject matter jurisdiction over a motion filed subsequent to removal.

ANALYIS

## A. Third-Party Defendant Removal Under Section 1441(a)

In determining the validity of Casco Bay's removal, the court will first address a question that neither party explicitly discussed in their respective briefs: Did Casco Bay have the right to remove this action under the federal removal statute? The court finds that Casco Bay, a third-party defendant, improperly removed this action.

Casco Bay argues that it properly removed this action pursuant to 28 U.S.C. § 1441(a). Section 1441(a) permits removal only by "the defendant or the defendants." Although there is a split of authority on this question, the Seventh Circuit has long held that third-party defendants are not "defendants" for purposes of the removal statute. *See, e.g., Thomas v. Shelton*, 740 F.2d 478, 486–87 (7th Cir. 1984). In *Thomas*, the Seventh Circuit reasoned that "[t]o allow removal of an entire suit on the basis of a third-party claim is to bring into the federal court an action the main part of which is not within that court's original jurisdiction, and is thus to enlarge federal [jurisdiction] at the expense of state jurisdiction in rather a dramatic way." *Id.* Although the *Thomas* court considered removal pursuant to § 1441(c), the "reasoning applies equally well to [§] 1441(a)." *Univ. of Chicago Hosp. & Med. Ctr. v. Rivers*, 701 F.Supp. 647, 648 (N.D.Ill. 1988). The view that § 1441(a) does not permit removal by third-party defendants conforms to requirement that the removal statute be narrowly construed and also serves the practical purpose of limiting a third-party from undermining the forum choices of both the plaintiff and defendant. *See Sabo v. Dennis Technologies, LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at *5 (S.D.Ill. July 2, 2007).

In light of these considerations, "it has long been settled that third-party defendants ... cannot remove actions on their own" under § 1441(a). *Loyola Med. Practice Plan v. Tromiczak,* 10 F.Supp.2d 943, 944 (N.D.Ill. 1998); *see also Phillips v. Kladis*, No. 97 C 2346, 1997 WL 428506, at *1 n. 1 (N.D .Ill. July 25, 1997) ("As to section 1441(a), in short, a third-party defendant is not a 'defendant' within the meaning of that section, and is not entitled to remove."); *Easton Fin. Corp. v. Allen,* 846 F.Supp. 652, 653 (N.D.Ill. 1994) ("[T]he substantial majority of the many judicial opinions that have dealt with the subject have consistently held that a third-party defendant cannot invoke removal jurisdiction at all—a view that is uniformly supported by the leading treatises on the subject.").

USA Satellite chose to file its complaint against the Extended Care Defendants in Illinois state court. The Extended Care Defendants chose to file their interpleader in that existing state court case pursuant to 735 ILCS 5/2-409. The subsequent removal by Casco Bay, a third-party defendant, was improper under § 1441(a). However, this defect in removal may be considered procedural, rather than jurisdictional. Procedural defects are waived a party does not bring a timely motion to remand the case to state court. 28 U.S.C. § 1447(c) (requiring that a motion to remand "be made within 30 days after the filing of the notice of removal under section 1446(a)"). According to the Seventh Circuit, "after the 30 days have expired a district judge may not remand on its own motion for non-jurisdictional problems." *In re Continental Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994).

USA Satellite filed its motion to remand 35 days after Casco Bay filed its notice of removal. As a result, even if the "defect in the removal process could have justified a remand ... because 30 days passed without protest-and the problem does not imperil subject-matter jurisdiction-the case is in federal court to stay." *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir.

5

2003); *see also Pettitt v. Boeing Co.*, 606 F.3d 340 (7th Cir. 2010) (vacating a district court's remand order because the district court lacked power to remand the case on the basis of a procedural defect). Because USA Satellite waived any procedural defect to removal, this court cannot remand the case on the basis that Casco Bay lacked the right to remove this action as a third-party defendant.

**B. Jurisdiction Under 28 U.S.C. § 1332**

Casco Bay argues that the court has jurisdiction pursuant to 28 U.S.C. § 1332. A litigant may invoke diversity jurisdiction in federal court when there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Here, there is not complete diversity between parties. Plaintiff USA Satellite is a citizen of Illinois and each of the Extended Care Defendants are also Illinois citizens. (Dkt. No. 1 at 2-3). Some courts consider the stakeholder in an interpleader action to be nominal party and therefore disregarded for diversity purposes. *See e.g., Alling v. C.D. Cairns Irrevocable Trusts P'ship*, 889 F.Supp. 768, 770 (D.Vt. 1995) ("In this interpleader, it is clear that the true collision of interests lies between Cairns and Mobil, the two potential purchasers of Alling's property. Alling is merely the formal plaintiff in this matter and, as such, may be disregarded for purposes of determining diversity."); *Tune, Entrekin & White v. Magid*, 220 F.Supp.2d 887, 889 (M.D.Tenn. 2002) ("In an interpleader case, the nominal plaintiff is merely formal and should be disregarded for purposes of determining diversity."); *but see O'Keefe, Ashenden, Lyons & Ward v. Nat'l Telecomms. Consultants, Inc.*, No. 91 C 2688, 1991 WL 140130, at *1 (N.D.Ill. July 22, 1991) (declining to realign the parties for purpose of diversity and granting motion to remand "[b]ecause there is no reason [to realign parties]…other than a deliberate choice by this court made solely to retain jurisdiction.").

Even if the court were to disregard the Illinois citizenship of the Extended Care

Defendants in order to create complete diversity, Casco Bay, a New Jersey citizen, is still unable

to establish that § 1332's minimum amount in controversy requirement is satisfied. While the

Seventh Circuit has not provided specific guidance to district courts on how they should

determine the amount in controversy in interpleader actions removed pursuant to diversity

jurisdiction, this court is persuaded by the various district courts that have addressed this

question that it is appropriate to determine the amount in controversy by reference to the value of

the stake. *See, e.g., Brotherhood. Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp.

2d 689, 696 (E.D. Ky. 2002) ("For rule interpleader actions based on diversity jurisdiction, the

amount in controversy is determined by the value of the stake and it must exceed $75,000

exclusive of interest and costs."); *United Ben. Life Ins. Co. v. Leech*, 326 F.Supp. 598, 600

(E.D.Pa.1971) ("[T]he [amount] in controversy is measured by fund to be distributed as stated by

plaintiff."). The value of the stake is measured by the stakeholder's allegations in the interpleader

and not by the amounts alleged by the claimants. *See generally*, *Horton v. Liberty Mut. Ins. Co.,*

367 U.S. 348, 353 (1961) (holding that the amount in controversy is generally decided from the

complaint itself). In their state court interpleader filing, the Extended Care Defendants

represented that the stake is comprised of settlement funds totaling $33,000. (Dkt. No. 1, Ex. 1 at

3). Because the amount in controversy does not exceed $75,000, section 1332 provides this court

no basis for federal subject matter jurisdiction.

## C. Jurisdiction Under 28 U.S.C. § 1335

Casco Bay also argues that the federal interpleader statute, 28 U.S.C. § 1335, provides

the court with another basis for jurisdiction. Section 1335 provides in pertinent part:

> **(a)** The district courts shall have original jurisdiction of any civil action of interpleader or in
> the nature of interpleader filed by any person, firm, or corporation, association, or society

having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; \*\*\*

In the instant case, there is no question that the Extended Care Defendants could have originally brought this action in federal court under § 1335, because § 1335 does not require complete diversity between the parties, but only "minimal diversity," that is, diversity of citizenship between the claimants. Section 1335, however, does not provide authority to *remove* to federal court actions that were filed in state courts which could have originally been filed in federal court. Only § 1441 provides the authority to remove an action from state court to federal court. The court must therefore determine whether removal is authorized under § 1441 where the basis for original jurisdiction is statutory impleader.

The Seventh Circuit has not directly addressed this issue, "but the balance of authority suggests that a party may not remove a case that could have originally been brought in federal court under § 1335 where there is not complete diversity." *Federal Insurance Company v. Tyco International Ltd.*, 422 F.Supp.2d 357, 395 (S.D.N.Y. 2006) (citing 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3636, at 78–79 (3d Ed.) ("It also remains true that interpleader actions brought under state law and then removed to federal court must satisfy the requirements of rule interpleader, including complete diversity of citizenship.")).[2] Because the Extended Care Defendants did not originally file their interpleader

---

[2] "Rule interpleader," which is governed by Rule 22 of the Federal Rules of Civil Procedure, does not provide an independent basis for jurisdiction. Unlike statutory interpleader actions under § 1335, a rule interpleader action must be supported by some other source of jurisdiction, such as § 1331 or § 1332. *See Comm'l Nat'l Bank of Chi. v.*

action in federal court under § 1335, but rather filed their interpleader in Illinois state court

pursuant to 735 ILCS 5/2-409, and it was later removed by third-party Casco Bay, the complete

diversity requirements of Rule 22 and § 1332 apply to this case. *See, e.g, Noatex Corp. v. King*

*Const. of Houston, LLC*, 864 F. Supp. 2d 478, 482 (N.D. Miss. 2012) ("It is well established that

'interpleader actions brought under state law in state courts and then removed to federal court

must satisfy the requirements of rule interpleader, including complete diversity of citizenship.'")

(citations omitted); *LLC v. New Life Club LLC*, No. 09-81215-CIV, 2009 WL 3878071, at *2

(S.D. Fla. Nov. 18, 2009) ("The Court also rejects the removing parties' argument that only

minimal diversity is required to remove a case under the federal interpleader statute."); *Cnty.*

*Comm'rs of Worcester Cnty., MD v. Tingle*, 555 F. Supp. 2d 570, 572 (D. Md. 2008) ("[T]his

court lacks subject matter jurisdiction for lack of complete diversity.").

    As previously discussed, complete diversity of citizenship does not exist in this case.

USA Satellite is a citizen of Illinois and each of the Extended Care Defendants are also Illinois

citizens. (Dkt. No. 1 at 2-3). Even though third-party defendant Casco Bay is a New Jersey

citizen, complete diversity of citizenship is not present. Consequentially, court lacks subject

matter jurisdiction over this matter.[3]

---

*Demos*, 18 F.3d 485, 488 (7th Cir. 1994) ("Rule 22 provides a procedural framework for interpleader actions, but it does not confer subject-matter jurisdiction on federal courts.").

[3] USA Satellite also argues that the court lacks jurisdiction pursuant to § 1335 because the funds have not been deposited with the court. "[D]epositing the proceeds with the court is a jurisdictional prerequisite." *Lutheran Brotherhood. v. Comyne*, 216 F. Supp. 2d 859, 862 (E.D. Wis. 2002). Because the court is remanding this action on other grounds, the court need not address Casco Bay's argument that a stakeholder should be given an opportunity to cure the jurisdictional defect by belatedly depositing funds before a case is dismissed or remanded for lack of jurisdiction. However, the court notes that Casco Bay's argument is contrary to the Seventh Circuit's recent opinion in *State Farm Life Ins. Co. v. Jonas*, 775 F.3d 867, 869 (7th Cir. 2014), where it held that "§ 1335(a)(2) requires cash on the barrel-head."

**D. Plaintiff's Request for Costs and Fees**

USA Satellite requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which

provides, "[a]n order remanding the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal." "Absent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital*

*Corporation*, 546 U.S. 132, 134 (2005). Whether to award attorneys' fees is within the discretion

of the court. *Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999).

The Seventh Circuit has applied this "objectively reasonable" test by comparing it to the

qualified immunity doctrine, which assumes that state officials have knowledge of existing case

law and holds them liable only if their actions violate clearly established and particularized

rights. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793–94 (7th Cir. 2007). Both the qualified immunity

doctrine and the objectively reasonable standard put forth in *Martin* balance the competing

interests between discouraging those who knowingly ignore or violate the law, while still

allowing reasonable errors without fear of litigation. *Id.* at 793. Specifically, the "removal statute

encourages litigants to make liberal use of federal courts, so long as the right to remove is not

abused." *Id.* at 793. "As a general rule, if, at the time the defendant filed his notice in federal

court, clearly established law demonstrated that he had no basis for removal, then a district court

should award a plaintiff his attorneys' fees." *Id.*

Although there is ample precedent supporting the legal principles upon which the court

has relied in concluding that remand is appropriate, the deficiency of Casco Bay's basis for

removal is not entirely obvious under existing Seventh Circuit law. Accordingly, the court finds

that the removal was not objectively unreasonable and exercises its discretion not to award costs and fees in this case.

CONCLUSION

For the foregoing reasons, the Court grants USA Satellite's motion to remand for lack of subject matter jurisdiction. The court denies USA Satellite's motion of attorneys' fees and costs. The court orders that this case is remanded to the Circuit Court of Cook County, Illinois.

ENTER:

_James F. Holderman_

JAMES F. HOLDERMAN
District Judge, United States District Court

Date: March 11, 2015